14th Court of Appeals

Re: Edward R. Newsome T.D.C #_____43798

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
MAR 16 2015
CHRISTOPHER A. PRINE
CLERK

COA # 14_____8-CR

Trial Cause # 441673

Amended Motion to Rescind the Withdrawal
of Funds AGAINST Indigency

To the Honorable Judge of said court:
The defendant Edward R. Newsome ARGue and Request to Appeal see Motion to extend time for Reconsideration in Rule 10.5(b) on Recall of Mandate in Rule 18.7 for want of Jurisdiction under Rule 19.1 Motion to File for EnBanc Reconsideration to Mandate the Withdrawal of Funds from Account. As Payment in Full for All order for Fines And As Payment in Full for any other court order, Judgment or writ. Inmate Notice of Appeal from withdrawal Notification directing Department of criminal Justice Institutional Division to withhold Funds from Inmate trust Account were Premature such that court of Appeals would sua sponte, Abate Appeal, where trial court had not entered an Appealable order granting or denying Motion to confirm, modify, correct or Rescind on limited Record Before court of Appeals see Hodo v. State No. 7 Dist. 2010) 2010 WL 2427426 Appeal decided 2011 832856 Prison

(1)

Key-296 and 304 Appellate Review in Proceeding to withdraw money from inmate trust account to collect court costs and Appointed counsel fees from an underlying criminal case should be by appeal as in analogous civil post judgment enforcement action see Harrell vs State (2009) 286 S.W. 3d. 315 Appeal and Error Key-4 and 325 order allowing Department of Criminal Justice to withdraw money from inmate trust account for payment of court costs assessed as part of judgments of conviction were final and appealable see In Re Parnell (App. 2 Dist. 2009) 283 S.W. 3d. 31 Criminal law Key-1023 (2) and order requiring Department of Criminal Justice institutional division (DCJ) to withdraw funds from inmate trust account to pay court costs in criminal case was civil not criminal and could be appealable, even though order arose as a result of, or incidential to, criminal prosecution, order did not arise over the enforcement of statute governed by Code of Criminal procedure and inmate claim concerned trials court authority to collect costs assessed under Government Code see Reed vs State (App. 4 Dist. (2008) 269 S.W 3d. 619 Criminal law Key-1023 (2), because indigent defendant did not receive any practical assistance of counsel in protecting and preserving my appellate rights thus I have been denied effective assistance of

(2)

Counsel on Appeal in violation of my due Process Rights under the 14th Amendment and my due Course Rights under article 1 # 10 of the Bill of Rights see Douglas vs. California 372 U.S. 353, 83, S. Ct. 814, 9, L. Ed. (1963), Coleman 455 S.W. 2d 209 Tex. Crim. App. (1970) see Webb vs State 533 S.W 2d. 780 At 783, Tex. Crim. App. (1976) And Polk vs State 676 S.W. 2d. 408 Tex. Crim. App. (1984) see Motion to Rescend the withdrawal Notification to Reverse and Remand in Stephen vs State (App. 7 Dist. 2010) 331 S.W. 3d. 796 Opinion After Remand 2011 WL 1403178 Prison Key-303 for Relief Rule 48.4 because I Am under imminent danger and in custody in violation of the United State Constitution.

Edward R. Newsone
defendant signature

3-10-2015
Date

<u>Certificate of service Rule 9.5</u>
<u>Rule 2 Suspension of Rules</u>

The defendant Edward R. Newsone verify the statement made in this Amended Affidavit of inability to Pay Court Costs and initial Filing fees to File Motion to Rescynd the withdraw of Funds Against indigency is true And correct under the Penalty of Perjury see 28 U.S.C. # 1746 for Purpose of Mail Box Rule 4 (c)(2)(3)(c for the original And Copies of Records in ███ Rule 2.3 (b), Rule 34.5 (c)(1), Rule 34.6 (c)(4), Rule 35.2 (c) And 35.3 (b)(3) for Service in Local Rule 10, 11, 12 (c) And Benefits.

3-10-2015
Date

Edward R. Newsone
defendant signature